IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALTERIK J. BAKER, )
)
    Plaintiff, )
v. ) Civil Action No. 3:21-cv-761–HEH
)
MEGAN L. CLARK, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
**(Dismissing 42 U.S.C. § 1983 Action With Prejudice)**

Alterik J. Baker, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] (ECF No. 1.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be dismissed with prejudice for failure to state a claim and as legally frivolous.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i–ii).

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

The first standard includes claims based upon "an indisputably meritless legal theory" or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

2

(citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. BAKER'S ALLEGATIONS

Baker alleges that Megan Clark, the Commonwealth's Attorney for Prince Edward County, and Baker's counsel, Preston G. Williams and Michael J. Hallahan, II, violated his Sixth[2] and Fourteenth[3] Amendment rights in his trial and in a subsequent

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

3

post-conviction proceeding. (*See* "Complaint," ECF No. 1.) Specifically, Baker alleges that:[4]

> The Commonwealth['s] Attorney for Prince Edward Circuit Court indicted Mr. Baker of raping [Ms.] Booker pursuant to Va. Code § 18.2–61 on April 22, 2014. Then on January 6, 2015, a Virginia jury convicted Mr. Baker of two counts of rape.
> At trial, Ms. Booker testified that Mr. Baker came over to her apartment to ask for a cigarette. Ms. Booker also testified that Mr. Baker pushed her over a chair, pulled her pants down, and raped her.
> Ms. Booker continued her testimony at trial stating that she asked Mr. Baker to leave her apartment once he finished raping her, but Mr. Baker pushed her onto a mattress that was on the floor and raped her a second time.
> Ms. Booker continued her testimony at trial stating that her and Mr. Baker was fighting with her pants once again, and that he got her pants down and raped her again.
> Ms. Booker continued her testimony at trial stating that Mr. Baker did oral sex on her, and that she was pushing his head and kicking him and fighting him, but couldn't get him off of her.
> The Commonwealth also called Theresa Francis from the Virginia Department of Forensic Science, who testified stating that she looked at a pair of boxer's shorts that were submitted from Mr. Baker.
> Ms. Francis continued her testimony stating that she swabbed the inside crotch and inner flap area of the boxer shorts to try to develop or to try to collect any biological evidence that might be left behind. Ms. Francis also stated that she was able to develop a DNA profile from that evidence.
> Ms. Francis continued her testimony stating that she developed a DNA mixture profile meaning it's from more than one individual. Ms. Francis also stated that the mixture profile was foreign to Mr. Baker, and it was suitable to comparisons between know[n] samples and the profile she developed.
> Ms. Francis continued her testimony stating that Ms. Booker's DNA was found on Mr. Baker's boxer's shorts.
> In addition, there were assorted bed clothing, including comforters and pillows taken from Ms. Booker's apartment on December 26, 2013, as evidence and submitted to the Department of Forensic Science for testing, but no examinations were conducted.
> Mr. Baker testified on his behalf and stated that the sex he and Ms. Booker had on the chair was with her consent. Mr. Baker also stated that

---

[4] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, spacing, punctuation, and capitalization and omits any emphasis, symbols or citations to secondary sources in quotations from Baker's Complaint.

4

Ms. Booker pulled down her pants, bent over the chair, and invited Mr. Baker to have sex with her.

After Mr. Baker had a change of heart that he was cheating behind his girlfriend['s] back and stopped. Mr. Baker told Ms. Booker that he can't do this and went to the door to leave. As he was leaving, Ms. Booker laid on the mattress that was on the floor and said if you don't finish, I am going to call the cops and say you raped me.

Mr. Baker left the apartment, but he never came anywhere near the mattress when Ms. Booker said she would cry rape if he didn't finish.

After the Commonwealth rested, trial counsel, Preston G. Williams [made a] motion to strike, at the Commonwealth's evidence, but trial counsel, Preston G. Williams, fail[ed] to renew his motion to strike after he presented evidence. The jury found Mr. Baker guilty of the two counts of rape and was sentenced to two ten (10) year sentences to [be] serve[d] consecutively. Mr. Baker appealed to the Court of Appeals and the Virginia Supreme Court, but both courts denied Mr. Baker's direct appeal. Mr. Baker also filed a state habeas corpus petition, as well as a federal habeas corpus petition, arguing that he had ineffective assistance [of] counsel, but both habeas were denied as well.

In 2018, Mr. Baker filed a Motion for a Scientific Analysis of Previously Untested Human Biological Evidence.

The Prince Edward Circuit Court granted Mr. Baker's Motion and appointed attorney Michael J. Hallahan, II, to represent Mr. Baker on the Motion.

Having heard evidence and arguments of the Attorney for the Commonwealth and the attorney for the defendant, and after full consideration thereof, the Prince Edward Circuit Court dismiss[ed] Mr. Baker's Motion for Scientific Analysis for previously untested human biological evidence for failure to comply with the requirements as stated on the record. Further, the attorney for Mr. Baker noted his exceptions to the court's ruling and his appeal to the matter. The Prince Edward Circuit Court appoint[ed] Michael J. Hallahan, II, as counsel of record on appeal.

After hearing all the evidence and argument, counsel, Michael J. Hallahan noticed an appeal, but counsel, Michael J. Hallahan, found out later that subsection (G) states, Virginia does not authorize a proceeding under the DNA statute to "form the basis for relief in any habeas corpus proceeding or any other appeal."

<u>Claim One</u>

... Mr. Baker was prejudice[d] by trial counsel, Preston G. Williams, when he fail[ed] to renew his Motion to Strike at the conclusion of all the evidence.... [which] caused Mr. Baker to waive or forfeit his right on direct appeal ... to challenge the sufficiency of the Commonwealth's trial evidence that supported the convictions. Trial counsel, Preston G. Williams, also prejudice[d] Mr. Baker when he fail[ed] to question or challenge the untested

5

evidence. This claim Mr. Baker is alleging is that he was violated his Six[th] Amendment right to . . . effective assistance of counsel.

Claim Two

In 2018, the Prince Edward County Circuit Court Commonwealth['s] Attorney, Megan L. Clark, deprived Mr. Baker of his Fourteenth Amendment right to due process by refusing to provide for the DNA testing he requested. This has deprived Mr. Baker of his liberty interests in utilizing state procedures to obtain reversal of his conviction[s] and/or to obtain a pardon or reduction of his sentence.

Claim Three

In 2018, in the Prince Edward C[ounty] C[ircuit] Court, appoint[ed] counsel, Michael J. Hallahan, II, prejudice[d] Mr. Baker when he fail[ed] to challenge the untested evidence that Mr. Baker['s] motion . . . [sought] to have . . . tested . . . . Appointed counsel, Michael J. Hallahan, II, was not specialize[d] in [this area] . . . . This claim Mr. Baker is alleging is that he was violated his Six[th] Amendment right . . . to effective assistance of counsel.

Failure to consider these claims will result in a "miscarriage[] of justice."

(ECF No. 1, at 4–10 (paragraph structure added and paragraph numbers omitted).) Baker seeks monetary damages, the revocation of each attorney's license to practice law, and an order to test the evidence in question.[5] (*Id.* at 11.)

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Baker's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Baker's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

---

[5] Neither the suspension of an attorney's law license, nor the issuance of an order to a state court to test various pieces of evidence, is a remedy that is available in the context of a § 1983 action.

6

### A. Persons Amenable to Suit in a § 1983 Action

Baker faults his defense attorney, Defendant Williams, for his performance at trial, and he faults his post-conviction counsel, Defendant Hallahan, for his handling of Baker's motion to have certain pieces of evidence tested. (ECF No. 1 at 4–10.) However, private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Therefore, Defendants Williams and Hallahan are not persons amenable to suit under § 1983. Accordingly, Baker's claims against Defendants Williams and Hallahan will be dismissed with prejudice for failure to state a claim and as legally frivolous.

### B. Prosecutorial Immunity

Prosecutorial immunity bars Baker's claims against Defendant Clark. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a

prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and those which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Baker fails to plead facts plausibly suggesting that Defendant Clark's purported actions were taken outside of her role as an advocate for the state in either his trial or his post-conviction proceeding. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter*, 34 F.3d at 263 (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process . . ."). Thus, Defendant Clark is immune from liability under § 1983 and any claims against her will be dismissed with prejudice for failure to state a claim and as legally frivolous.

## IV. CONCLUSION

For the foregoing reasons, Baker's claims and this action (ECF No. 1) will be dismissed with prejudice for failure to state a claim and as legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

8

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 8, 2022
Richmond, Virginia

9